No. 665

TAYLOR v. KEMPLE, et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1223. Decided March 14, 1927.

1271. WILLS AND LEGACIES—Where boundary line between parcels of real estate is uncertain in language of will, it may be made definite and certain by conduct of interested parties.

Error to Common Pleas.

Judgment affirmed.

First Publication of this Opinion

PER CURIAM.

The parties stand in this court as they did in the court below, and the controversy grows out of the will of George Witner, deceased, who died on Novemoer 23, 1898, and whose will was probated January 30, 1899. By the will, the deceased divided his farm into two parts, the land owned by him on the north of the south line of a lane to his residence and which line was to be extended to the west line of his farm in Coventry township, being devised to his widow for life, and the residue to his imbecile son. The land south of said line was devised to the plaintiff and others.

It being necessary for the purpose of paying the decedents debts, his executor started an adversary proceeding in the Probate Court for the purpose of selling real estate, and in this proceeding he described the real estate by metes and bounds. This real estate was sold, the debts paid, and the balance of the money realized from the sale was paid to those entitled to receive it, being the plaintiff and her associates in this suit. Immediately upon the death of the testator, his widow and imbecile son entered into the possession of the land, hereinafter referred to as 59.12 acres, as the land devised to them and remained in possession together upon said property until the widow died in the year 1914, and the son remained in possession of said property until the year 1917, when, according to the terms of the amended petition, Andrew J. Wilhelm, having been appointed trustee of the property of said imbecile son, in accordance with the terms of the will, filed a petition in the Probate Court seeking permission to sell the 59.12 acres which he claimed to be the property that was given to the widow and imbecile son by said will.

The plaintiff and her associates claim that said 59.12 acres of land contain 25.4 acres which they allege belong to them, because the lane described in said will was a meandering one, and the testator in dividing the property, intended to follow such meandering line instead of extending the south line of the lane to the west line of the farm, which was done by the executor in the description of the property which was sold to pay debts in the prior proceedings.

Plaintiff claims that this line was arbitrarily established by the executor and trustee, and she is not bound thereby; but we are informed by plaintiff's petition that after said first sale was made in 1899, said widow and imbecile son remained in possession of the 59.12 acres, claiming the same to be the part of the farm given to them by the will, and that the widow and son and the trustee for the son continued in open, notorious and adverse possession and occupancy until 1917, when said trustee sold the 59.12 acres by virtue of an order of the Probate Court. The suit of the plaintiff and her associates was not started until 1925.

It further appears from the amended petition that the division of the farm was made with plaintiff's knowledge in 1899, and was thereafter acquiesced in by them as was the sale of both parts of said farm.

In the land sale proceedings the executor construed the line to be the south line of the lane leading to the testators residence and thence extended in a straight line to the west line of the farm. Such construction was a fair interpretation of that part of the will, and having been made immediately after the death of the testator and when the matter was fresh in the minds of all the parties, and the widow and son having taken possession at that time of the part devised to them in accordance with such line, and having retained such possession up to said line until 1917 and then having sold up to said line, and there being no allegation that up to that time the plaintiff or her associates had claimed anything to the contrary, we think that the line which may have been uncertain in the will was, by the conduct of the interested parties, made definite and certain. This line, so established having been acquiesced in for such a length of time, binds the plaintiff and her associates thereto.

Judgment affirmed.

(Washburn, PJ., Funk, J., and Pardee, J., concur).

Attorneys—Carl M. Myers for Taylor; Otis, Beery & Sheppard for Kemple; all of Akron.